IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) QUENTIN L. GOODWIN;           ) | |
| (2) LACOYA BUTLER;                ) | |
| (3) COREY MYERS;                  ) | |
| (4) TERRI HEMINGWAY; and          ) | |
| (5) DEREK S. HILL,                ) | |
|                                   ) | |
|      Plaintiffs,                  ) | |
|                                   ) | |
| vs.                               ) | No. CIV-07-389-C |
|                                   ) | |
| (1) LELAND FELDMAN, d/b/a COMET   ) | |
| CLEANERS; and                     ) | |
| (2) DUUS FAMILY, LLC,             ) | |
|                                   ) | |
|      Defendants.                  ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed this lawsuit against Leland Feldman and Duus Family, LLC, alleging race discrimination in violation of 42 U.S.C. § 1981. (See Am. Compl., Dkt. No. 12.) Duus Family, LLC ("Defendant" or "Duus Family"), has filed a motion to dismiss or, in the alternative, for summary judgment (Def.'s Mot., Dkt. No. 18), and Plaintiffs have responded (Pls.' Resp., Dkt. No. 19). Defendant has filed a reply (Def.'s Reply, Dkt. No. 20), and this matter is now at issue.[1]

I. STANDARD OF REVIEW

In addition to its motion to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6), Defendant also has submitted an authenticated copy of the working agreement

---

[1] Defendant Leland Feldman filed an answer in this case (see Dkt. No. 13), and the disposition of claims against him are not affected by this order.

("Contract") between Mr. Feldman and Duus Family.  (See Mot. to Dismiss Ex. 1; Reply Ex. 1.)[2]

> On a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). [I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings.  However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.

Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (alteration in original) (citations and internal quotation marks omitted).  The Court has discretion to consider materials attached by a defendant to a Rule 12(b)(6) motion, Prager v. LaFever, 180 F.3d 1185, 1189 (10th Cir. 1999), and the Court finds that it is appropriate to consider the Contract attached in this case.

Plaintiffs do allege that both Defendants owned and jointly engaged in the operation of the business and in the discriminatory acts at issue. (See Am. Compl. ¶ 2.)  The contents of the Contract establishing the relationship between Defendants thus could be characterized as "central" to Plaintiffs' claim.  Plaintiffs' complaint does not refer to the Contract,

---

[2] Although Plaintiffs argue that the copy of the Contract constitutes unauthenticated extrinsic evidence that cannot be considered on summary judgment, Defendant has cured this flaw by submitting a supporting affidavit certifying the Contract as a true and correct copy, pursuant to Fed. R. Civ. P. 56(e).  (See Def.'s Reply Ex. 1.)

however, and their claim is not based on the Contract itself. Therefore, the Court's consideration of the attached Contract as evidence beyond the pleadings converts Defendant's motion into a motion for summary judgment to be disposed of as provided in Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b); see also GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (noting that for the extrinsic document to be considered on a motion to dismiss, it must be both "referred to in the complaint" and "central to the plaintiff's claim").[3]

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way and is 'material' when it is essential to the proper disposition of the claim." Haynes v. Level 3 Commc'ns, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006) (citation and internal quotation marks omitted), cert. denied, 127 S. Ct. 1372 (2007).

The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

---

[3] Plaintiffs argue that Defendant's styling of its motion to dismiss as an alternative motion for summary judgment violates LCvR7.1's mandate that each motion shall be a separate document. However, such an alternative treatment is contemplated by the text of Fed. R. Civ. P. 12(b) and does not justify denial of the motion, especially in light of Defendant's argument that the attached document may be considered within the context of a Rule 12(b)(6) motion.

(1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II.  DISCUSSION

Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. Plaintiffs, all African-American adults, were employees for Comet Cleaners in Comanche County, Oklahoma. (See Am. Compl. ¶¶ 1, 5.) Plaintiffs allege that they were fired by Defendants on March 7, 2007, for reasons motivated by their race, while Caucasian employees were not fired. (Id. ¶¶ 6-7.) Plaintiffs further allege that Defendants are both owners of Comet Cleaners who were "jointly engaged" both in the operation of the business and in the discriminatory acts. (Id. ¶ 2.)

The Contract indicates that Plaintiffs were not employees of Duus for any reason, more specifically in terms of any termination decision such as those disputed in this lawsuit. Under the terms of the Contract, Comet Cleaners personnel are deemed employees of the Manager (Mr. Feldman), and Duus Family has "no right to hire, discharge, supervise, or direct the Manager's employees." (See Contract at 7.) As Plaintiffs themselves note, "[t]he question is whether or not the Plaintiffs are employees of Duus." (Pls.' Resp. at 5.) In other words, whether Plaintiffs' claim against Defendant can survive rests largely on whether Defendant had any decisionmaking power over Plaintiffs' employment such that it could be held liable for any unlawful terminations.  Plaintiffs argue that if the Court construes Defendant's motion as one for summary judgment, they should be permitted to conduct further discovery pursuant to Rule 56(f).  Plaintiffs submitted a Rule 56(f) affidavit declaring that discovery is necessary to determine, inter alia, whether Duus Family was consulted about or approved Plaintiffs' terminations and the actual management operations for the business.  (See Pls.' Resp. Ex. 1.)  While the terms of the Contract seemingly preclude Defendant from having such power, the Court agrees with Plaintiffs that they should be permitted to conduct additional discovery to respond to Defendant's motion for summary judgment.  Such discovery shall be reasonably limited to the issues raised in Defendant's motion.

### III.  CONCLUSION

As outlined further herein, the Court shall convert Defendant's motion (Dkt. No. 18) into a motion for summary judgment.  The Court will defer any ruling on Defendant's motion and grant Plaintiffs additional time in which to conduct discovery necessary for responding to the motion and to file an appropriate response.

The deadlines for conducting that discovery and responding to the motion will be set at the status and scheduling conference set before the Court on December 6, 2007.

IT IS SO ORDERED this 26th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge